J-S67015-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARCUS RAHEEM PROFIC, | : | |
| | : | |
| Appellant | : | No. 899 MDA 2015 |

Appeal from the Order entered April 27, 2015,
Court of Common Pleas, Berks County,
Criminal Division at No. CP-06-CR-0005892-2003

BEFORE:  BOWES, PANELLA AND PLATT*, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 19, 2016**

Marcus Raheem Profic appeals *pro se* from the order entered on April 27, 2015 by the Court of Common Pleas of Berks County dismissing his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A full recitation of the facts underlying Appellant's convictions is unnecessary since we resolve this appeal on procedural grounds.  It suffices to say that Appellant's convictions stem from the shooting death of Angel Rodriguez on December 23, 2002.  On October 1, 2004, a jury found Appellant guilty of third-degree murder, aggravated assault, recklessly endangering another person, firearms not to be carried without a license, possession of a firearm by a minor, and possessing an instrument of crime. On November 4, 2004, the trial court sentenced Appellant to an aggregate

*Retired Senior Judge assigned to the Superior Court.

term of twenty-eight and one half to fifty-seven years of incarceration. This Court affirmed Appellant's judgment of sentence on October 18, 2005, *Commonwealth v. Profic*, 889 A.2d 117 (Pa.Super. 2005) (unpublished memorandum), and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on March 15, 2006. *Commonwealth v. Profic*, 897 A.2d 455 (Pa. 2006).

On February 15, 2007, Appellant filed his first PCRA petition. The PCRA court appointed counsel to represent Appellant, but eventually granted his appointed counsel permission to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On June 25, 2008, pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure, the PCRA court entered notice of its intention to dismiss Appellant's first PCRA petition, and one month later, it formally dismissed that petition. This Court affirmed the PCRA court's decision on August 7, 2009. *Commonwealth v. Profic*, 984 A.2d 1021 (Pa.Super. 2009) (unpublished memorandum).

On September 20, 2010, Appellant filed his second PCRA petition, *pro se*. On October 1, 2010, the PCRA court entered notice of its intention to dismiss Appellant's second PCRA petition as untimely, and formally dismissed the PCRA petition on February 3, 2011. Appellant did not appeal that decision. On February 4, 2013, Appellant filed a *pro se* "Petition Leave to File PCCR Nunc Pro Tunc," which the PCRA court treated as his third PCRA

petition. The PCRA court again served notice of its intention to dismiss Appellant's petition, and formally dismissed that third petition on March 13, 2013. Appellant appealed, but this Court affirmed the PCRA court's decision on March 26, 2014. *Commonwealth v. Profic*, 100 A.3d 319 (Pa.Super. 2006) (unpublished memorandum).

On April 24, 2014, Appellant filed the instant *pro se* PCRA petition, his fourth. One month later, the PCRA court entered notice of its intention to dismiss Appellant's fourth PCRA petition. On April 27, 2015, following several delays,[1] the PCRA court formally dismissed Appellant's fourth PCRA petition. Appellant timely appealed and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of the errors complained of on appeal.

The issues as identified in Appellant's *pro se* appellate brief are difficult to identify and understand. From what we are able to discern from the remainder of his appellate brief, Appellant argues preliminarily that the PCRA court erred by dismissing his fourth PCRA petition as untimely because he satisfied the requirements of the timeliness exception of § 9545(b)(1)(ii) of the PCRA. *See* Appellant's Brief at 5-10.

---

[1] The PCRA court docket reflects that this delay resulted from the PCRA court mistakenly scheduling a hearing on Appellant's fourth PCRA petition, which was continued multiple times. *See* PCRA Court Docket, 7/9/15, at 20-21; *see also* PCRA Court Opinion, 7/6/15, at 2.

We review the denial of a PCRA petition on timeliness grounds according to the following standard:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. The court cannot ignore a petition's untimeliness and reach the merits of the petition. Section 9545(b)(1) requires a petitioner to file a PCRA petition within one year of the date the judgment [became] final.

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013) (internal citations and quotations omitted).

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after

- 4 -

the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa.Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

The instant PCRA petition is facially untimely and Appellant does not contest this determination. Instead, Appellant contends that he has satisfied the timeliness exception of section 9545(b)(1)(ii) relating to newly discovered facts. In support of his argument, Appellant relies on an affidavit that he received from Steven Colon ("Colon"), who asserts that a Commonwealth witness at Appellant's trial, Ceferino Hernandez, fabricated Appellant's confession to him that Appellant shot Angel Rodriguez. *See* Appellant's brief at 5-10. Appellant avers that he learned this information from Colon in February 2013 and could not have discovered it sooner with the exercise of due diligence. *See id.* at 7-8. Additionally, Appellant claims that he could not have brought it to the attention of the PCRA court prior to the resolution of the appeal for his third PCRA petition, which occurred on

March 26, 2014. Thus, Appellant contends that because he filed his fourth PCRA petition on April 24, 2014, within sixty days of the resolution of the appeal regarding his third PCRA petition, he met the sixty-day time limit of § 9545(b)(2). *See id.* at 7.

We conclude that the PCRA court did not err in its determination that Appellant's fourth PCRA petition did not satisfy the requirements of the timeliness exception of § 9545(b). We find our Supreme Court's decision in ***Commonwealth v. Abu Jamal***, 941 A.2d 1263 (Pa. 2008), instructive. In ***Abu Jamal***, the appellant, in his third PCRA petition, claimed that he learned about newly discovered facts in December 2001 before he appealed from the dismissal of his second PCRA petition on January 9, 2002. ***Id.*** at 1269. Because the appellant chose to pursue the appeal of his second PCRA petition instead of bringing the newly discovered facts to the PCRA court's attention, our Supreme Court held that the appellant did not meet the sixty-day time limit of § 9545(b)(2), even though he filed his third PCRA petition within sixty days of the resolution of the appeal of the second PCRA petition. ***Id.***

Here, Appellant states that he learned in February 2013 that Hernandez had fabricated his trial testimony. **See** Appellant's Brief at 7. Like the ***Abu Jamal*** appellant, when Appellant herein first discovered this information in February 2013, his third PCRA petition was still pending, as the PCRA court did not formally dismiss it until March 13, 2013. Instead of

bringing this information to the attention of the PCRA court at that time, Appellant opted to pursue the appeal of his third PCRA petition. Therefore, like the Supreme Court in **Abu Jamal**, we must conclude that Appellant did not satisfy the sixty-day time limit of section 9545(b)(2) because he did not file his fourth PCRA petition, which included his newly discovered facts claim, until April 24, 2014, following the resolution of the appeal from his third PCRA petition. **See Abu Jamal**, 941 A.2d at 1269. Accordingly, we conclude that Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2016